IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

JACQUALYN MARIE PILSNER,

                Plaintiff,                OPINION AND ORDER

   v.
                                                20-cv-721-wmc

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
───────────────────────────────────────────────

     Pursuant to 42 U.S.C. § 405(g), plaintiff Jacqualyn Marie Pilsner seeks judicial review of a final determination that she is not disabled within the meaning of the Social Security Act. Administrative law judge ("ALJ") Jennifer Smiley reached that conclusion on February 27, 2019, and Pilsner appealed to the district court. However, the parties stipulated to remand the case before the court heard argument or reached the merits of that appeal. Upon remand, the ALJ was directed to assess and provide more explanation for Pilsner's mental residual functional capacity ("RFC"). The ALJ issued a second opinion in 2020, adding an explanation but reaffirming her underlying determination that Pilsner was not disabled. (AR 25.) Pilsner now appeals this second opinion. Specifically, she contends that remand is warranted because the ALJ: (1) repeated the same errors in formulating Pilsner's mental RFC that warranted remand last time; and (2) did not allow Pilsner to be heard consistent procedural due process. For the reasons that follow, the court rejects both challenges and will affirm the denial of benefits.

UNDISPUTED FACTS

Plaintiff Pilsner has at least a high school education, was 41 years old on the alleged disability onset date, and previously worked in machine stitching. (AR 24.) The ALJ held a hearing on November 28, 2018, at which Pilsner was represented by attorney Roger Rustad. (AR 15.) Warren is now represented by attorney Dana Duncan. (*Id*.)

On February 27, 2019, the ALJ issued an opinion finding that Pilsner was not disabled despite having the following severe impairments: degenerative disc disease, hernia, obesity and intellectual disorder. (AR 17.) Ultimately, however, the ALJ concluded that none of these conditions (nor any combination thereof) met or exceeded the severity of equivalent disabilities listed in 20 CFR Part 404, Subpart P, Appendix 1. (AR 18.)

Consistent with these findings, the ALJ went on to craft a Residual Functional Capacity ("RFC") allowing for sedentary work, including, among others, the following restrictions:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she could occasionally climb ramps and stairs, never claim ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, and crawl and she can understand, remember, and carry out simple instructions, and make simple work-related decisions.

(AR 21.) Finally, assuming this RFC, the vocational expert testified Pilsner could perform jobs that exist in significant numbers in the national economy. (AR 25.) Deferring to that opinion, therefore, the ALJ held that Pilsner was "not disabled." (*Id*.)

As noted, plaintiff appealed to this court from this original decision, but following a stipulated remand, the Appeals Council for social security found the ALJ's reasoning regarding plaintiff's mental impairment was insufficient. (AR 3192.) Accordingly, the ALJ was generally directed to expand on her findings in the Paragraph B mental impairment analysis, give a rationale for finding that plaintiff's mental impairment differed from her anxiety and depression, and reformulate the plaintiff's RFC as appropriate. (AR 3193.) In 2020, the same ALJ issued another opinion, again finding that Pilsner was not disabled although providing some further explanation for arriving at plaintiff's residual mental capacity. (AR 3146-47.) In doing so, the ALJ quoted much of her first opinion verbatim, including adoption of the exact same RFC as the previous opinion. (Id.) Pilsner again appealed the case to the federal court, prompting this court to hear arguments on plaintiff's motion on October 28, 2021.

OPINION

A federal court's standard of review with respect to a final decision by the Commissioner of Social Security is well-settled. Findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the

responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993). At the same time, the court must conduct a "critical review of the evidence," *id.*, and ensure the ALJ has provided "a logical bridge" between findings of fact and conclusions of law. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).

## I. Mental RFC

Pilsner first argues that despite instructions from the Appeals Council, the ALJ did not rectify the concerns prompting the stipulated remand of plaintiff's initial appeal. In particular, the Council directed the ALJ to do the following, three things: (1) "Further evaluate the claimant's mental impairments . . . providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c)"; (2) "Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations"; and (3) "Give further consideration to whether the claimant has past relevant work and, if so, can perform it." (AR 3193.)

Pilsner emphasizes that the ALJ's two opinions are nearly identical, supporting her assertion that the ALJ failed to provide the additional explanation required by the Council. However, there *were* substantive changes. Most material to the present appeal is the addition to the ALJ's assessment at the Paragraph A criteria for intellectual disorders of following text:

> In this case, the record does not establish that the claimant met these requirements during the relevant time period . . . I have viewed the evidence in the light most favorable to the claimant and conclude that her intellectual disorder began prior to her attainment of age 22 . . . [T]here is no evidence of significantly

4

> subaverage general intellectual functioning evidence in a cognitive inability to function at a level required to participate in standardized testing of intellectual functioning, and in fact, in 2016 the claimant successfully participated in standardized testing.

(AR 3144.) While the remainder of the Paragraph A analysis largely mirrors the ALJ's first opinion, as do her conclusions, this addition unquestionably adds an explanation that was lacking. In fact, changes like these are found throughout the ALJ's second opinion, adding explanation and evidence to bolster her findings as to plaintiff's residual mental capacity. The question, then, is whether the ALJ's additions were enough to satisfy the concerns of the Appeal Council, and in turn, of this court.

Although there is no litmus test for what is *enough*, the ALJ is required to build a so-called "logical bridge," and the Seventh Circuit has given some guidance as to what explanation is adequate to build that bridge. For instance, "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence," *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015), but "[a]n unarticulated rationale for denying disability benefits generally requires remand." *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012). Additionally, the Seventh Circuit has often held that a perfunctory analysis or adoption of boilerplate language is inadequate. *Minnick*, 775 F.3d at 935. Ultimately, the Seventh Circuit directs that district courts "must allow [a] decision to stand so long as the ALJ 'minimally articulate[d]' his reasons—a very deferential standard that we have, in fact, deemed 'lax.'" *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (citing *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir.2008)).

Here, the ALJ has now provided enough of an explanation to satisfy this admittedly lax standard. While she did use much of the same language and come to the same RFC and conclusion, the ALJ was not required to rewrite her opinion from scratch, much less come to a different conclusion. Moreover, in reviewing the ALJ's two opinions, she fleshed out her reasoning in several sections. (AR 3143-3146; 3148-3150.) This is neither to hold the opinion is flawless nor fulsome by way of clarification. However, that could be said for most ALJ opinions this and other courts are asked to review on social security appeals, yet found sufficient. As previously explained, the ALJ did not need to change her decision from "not disabled" to "disabled" in order to rectify her earlier errors, but simply to flesh out her analysis so that it is understandable. She has done at least this much.

Indeed, at this point, plaintiff's criticisms of the opinion seem largely to be with the final outcome, not necessarily the process of the ALJ coming to those decisions. The federal court, upon review, is required to defer to the ALJ, and "even if 'reasonable minds could differ concerning whether [claimant] is disabled,' we must nevertheless affirm the ALJ's decision denying her claims if the decision is adequately supported." *Elder*, 529 F.3d 408, 413 (7th Cir. 2008) (*quoting Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)). Since the ALJ's revised decision now meets this standard, the court would be overreaching to override it.

## II. Procedural Due Process

Plaintiff claims violation of a procedural due process as well, arguing that the ALJ should have allowed her to testify again before issuing a second opinion on remand, or at the very least, notified her that there would be no hearing. (Def.'s Opp'n. (dkt. #13) 12.)

6

This is a weak claim indeed. As the government points out, "the Commissioner's Hearings, Appeals, and Law (HALLEX) manual states that, on remand, the ALJ 'shall offer the claimant the opportunity for a hearing *except* in a claim for Title II disability insurance benefits when the period at issue expired before the date of the hearing decision.'" HALLEX II-5-1-3 (emphasis added). That exception accurately captures the current status of this case, making an additional hearing discretionary, if not wholly unnecessary.

Even more persuasive is the fact that the period of benefits requested is from 2006 to 2007. (Def.'s Opp'n. (dkt. #13) 13.) Therefore, there is little or no evidence that Pilsner could have provided in 2020 to bolster her claim for benefits made some fourteen years earlier, especially given Pilsner's counsel's confirmation at her prior hearing that the record was then complete. (Id.) Similarly, because the ALJ did not change Pilsner's RFC, which the court affirmed above, no supplementary vocational testimony was required either. (Pl.'s Rep. (dkt. #16) 8.) Finally, as noted, Pilsner was represented by an attorney at her original hearing, further supporting the conclusion that the original hearing was sufficient. (AR 3162.) With the administrative record complete and no changes or updates expected, the court is unpersuaded that the ALJ erred in not holding another hearing before issuing her second opinion.

Accordingly,

ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration denying plaintiff Jacqualyn Pilsner's application for social security disability benefits is AFFIRMED.

2) The clerk's office is directed to enter judgment in defendant's favor.

Entered this 13th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge